PETERSON, ADMX., APPELLEE, *v.* TEODOSIO ET AL., EXRS., APPELLANTS.

162

(No. 72-609—Decided May 30, 1973.)

164

*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe* and *Mr. John L. Wolfe*, for appellee.

*Messrs. Rini & Hecht* and *Mr. Ralph V. Cosiano*, for appellants.

STEPHENSON, J. The initial question this appeal presents is whether the cause of action, as pleaded in the complaint in this case, is barred by the statutes of limita-

tion.* The next question is, if so barred, whether the trial court committed prejudicial error in overruling appellee's motion to file an amended complaint.

In deciding the initial question of the applicability of the statutes of limitation, three subsidiary questions must be considered: (1) Is the accrual of a cause of action by a deceased partner's estate against a surviving partner dependent upon the appointment of a representative of the deceased partner's estate? (2) Do the allegations of the complaint allege a trust that is a "continuing and subsisting trust," within the meaning of that term as used in R. C. 2305.22? (3) Are the allegations of the complaint sufficient to make applicable the four-year limitation of R. C. 2305.09(C) for "relief on the ground of fraud," and the provision in R. C. 2305.09 as to discovery?

Since the judgment below was entered upon the pleadings, pursuant to Civ. R. 12(C), appellee herein was entitled to have all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, con-

---

*The pertinent portions of the statutes of limitation considered in this appeal are the following:

R. C. 2305.09:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(C) For relief on the ground of fraud;

"* * *

"If the action is for trespassing underground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

R. C. 2305.14:

"An action for relief not provided for in Sections 2305.04 to 2305.-131, inclusive, and Section 1304.29 of the Revised Code, shall be brought within ten years after the cause thereof accrued. This section does not apply to an action on a judgment rendered in another state or territory."

R. C. 2305.22:

"Sections 2305.03 to 2305.21, inclusive, and Sections 1302.98 and 1304.29 of the Revised Code, respecting lapse of time as a bar to suit, do not apply in the case of a continuing and subsisting trust * * *."

strued in her favor as true. 2A Moore's Federal Practice 2342, Paragraph 12.15; 5 Federal Practice and Procedure, Wright and Miller, Section 1368. Civ. R. 12(C) is a continuation of the former statutory practice and presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. *Conant* v. *Johnson* (1964), 1 Ohio App. 2d 133.

It is the contention of appellee that, irrespective of any other consideration, the cause of action did not accrue until the appointment of appellee as administratrix. She argues that, where there is a right of recovery which arises by reason of death, the cause of action does not accrue until there is in existence one who may be plaintiff and one who may be defendant. The principle was enunciated as a fundamental rule of law in *Hoiles* v. *Riddle* (1906), 74 Ohio St. 173. See, also, discussion in *Taylor* v. *Thorn* (1876), 29 Ohio St. 569; *Treasurer* v. *Martin* (1893), 50 Ohio St. 197. In *Wrinkle* v. *Trabert* (1963), 174 Ohio St. 233, this court, overruling *Hoiles* v. *Riddle,* held that the statute of limitations begins to run upon a claim for personal injuries at the time the injuries are sustained, even though the person against whom the action would be brought is killed in the accident in which the injuries occurred. The rationale of the holding is that it is incumbent upon one who has a claim against an estate, if no administrator is appointed, to exercise his statutory right and procure such appointment so he can proceed. Thus, the Ohio law, as enunciated in *Wrinkle* v. *Trabert, supra,* is that a cause of action arising out of a death accrues at the time of death, notwithstanding there has been no representative of the estate of the deceased appointed. The weight of authority outside Ohio clearly supports appellee's contention. 54 Corpus Juris Secundum 16, Section 111.

However, the overruling of *Hoiles* v. *Riddle, supra,* in *Wrinkle* v. *Trabert, supra,* was necessarily a rejection by this court of the view that the General Assembly intended that a person capable of suing and being sued exist be-

fore a cause of action may accrue under our statutes of limitation. Additionally, it must be borne in mind that establishment of the policy of the state with respect to limitation of actions is the prerogative of the General Assembly. Although the General Assembly has enacted statutory exceptions in R. C. 2305.15 and 2305.16 as to when statutes of limitation will run, it is significant that no provision has been enacted excepting claims in favor of or against an estate in which no representative has been appointed.

The majority rule is not without its critics and has been rejected in New Jersey, California and South Dakota. 28 A. L. R. 3d 1152, Section 4. We also reject the majority rule, and hold that, as a person who has a claim against an estate must proceed to have a representative of the estate appointed, the persons beneficially interested in an estate are likewise required to exercise their statutory rights to secure the appointment of a representative of the estate to enforce claims in favor of the estate; and that the cause of action accrues when facts occur giving rise to a right of recovery irrespective that such occurrence is at the time of the death of the decedent or thereafter.

The second question which this appeal presents is whether the allegations of the complaint establish a trust which is embraced within the "continuing and subsisting trust" exception in R. C. 2305.22.

The execption of a "continuing and subsisting trust" in the Ohio statutes of limitation was enacted by the General Assembly as a part of the Code of Civil Procedure, wherein the distinction between actions at law and suits in equity was abolished and replaced by "a civil action." 51 Ohio Laws 57. The purpose and meaning of such exception is rooted in the rules of courts of equity, developed prior to adoption of the Code, as to the application in equitable actions involving trusts and the statutes of limitation which statutes, by their terms, applied only to actions at law. This court has consistently held that the "continuing and subsisting trust" exception was simply a statutory incorporation of such prior existing rules. *Douglas* v. *Corry*

(1889), 46 Ohio St. 349, 351; *Webster* v. *Bible Society* (1893), 50 Ohio St. 1. See, also, *Carpenter* v. *Canal Co.* (1880), 35 Ohio St. 307; *Yearly* v. *Long* (1883), 40 Ohio St. 27; *Townsend* v. *Eichelberger* (1894), 51 Ohio St. 213.

The rule developed by equity courts was that in suits between a *cestui que trust* and a trustee for the enforcement of a trust that was a continuing technical trust not recognized at law but within the proper, peculiar and exclusive jurisdiction of equity, where the trust was being respected by the trustee, no statute of limitation could be interposed by the trustee as a defense. *Kane* v. *Bloodgood* (N. Y. 1823), 7 John Ch. 90; *Paschall* v. *Hinderer* (1876), 28 Ohio St. 568; *Douglas* v. *Corry, supra* (40 Ohio St. 349).

The reason why such a rule was developed by equity courts and its incorporation into the Code of Civil Procedure wherein statutes of limitation were made applicable to all actions, whether formerly legal or equitable (*Chinn* v. *Trustees* [1877], 32 Ohio St. 236), is perceivable when consideration is given to the nature of the technical trust cognizable solely in equity.

"A trust is the right, enforceable in equity, to the beneficial enjoyment of property, the legal title to which is in another." *Ulmer* v. *Fulton* (1935), 129 Ohio St. 323, 339. The holding and possession of the legal title by the trustee is the holding and possession of the *cestui que trust*. Until the trustee repudiates his trust obligation, to the knowledge of the *cestui que trust*, no cause of action exists against which a statute of limitation could operate. 9 Bogert, Trust and Trustees (2 Ed.), Section 951. Without such an exception, antiquity of the existence of the trust would constitute a bar to the enforcement of a direct trust between the *cestui que trust* and the trustee. Hence the observation: "If time ran against a continuing and subsisting trust such fact would contain the virus of the trust's destruction from the time of its creation without any hostile act by either the trustee or the beneficiary." *Homer* v. *Wullenweber* (1951), 89 Ohio App. 255.

Since the nonapplicability of the statutes of limitation rule rested upon the holding of the trustee to be the

holding of the *cestui que trust*, the concomitant rule was that upon a disclaimer or repudiation of his trust obligation by a trustee, known to the *cestui que trust*, the holding was thenceforth adverse, a cause of action arose and the statutes of limitation were available to the trustee as a defense. *Williams* v. *First Presbyterian Society* (1853), 1 Ohio St. 478; *Paschall* v. *Hinderer, supra* (28 Ohio St. 568); *Carpenter* v. *Canal Co., supra* (35 Ohio St. 307).

An essential requirement of the rule making nonapplicable the statutes of limitation is that the trust involved be a technical trust cognizable solely in equity and not at law. The reason for this requirement was recognition of the fact that there are many relationships which are, in a general sense, relationships of direct trust, for the breach of which remedies were given in equity for breach of trust, but which were also trust relationships cognizable at law to which the law gave a remedy and to which a statute of limitation applied. These trust relationships were not recognized as continuing and subsisting trusts, and the statutes of limitation at law were applied in the equity suit. *Kane* v. *Bloodgood, supra* (7 John Ch. 90); *Paschall* v. *Hinderer, supra* (28 Ohio St. 568); *Carpenter* v. *Canal Co., supra* (35 Ohio St. 307); *Webster* v. *Bible Society, supra* (50 Ohio St. 1). See, also, comment note, 122 A. L. R. 286.

Applying the above principles, the initial inquiry is whether the complaint alleges a technical trust of the nature to which the exception is applicable. The relation *inter se* of partners is not the relation of a *cestui que trust* and trustee of a technical or true trust. Distinguishing characteristics, among others, are that in a true trust the legal title of property is held by one while a beneficial equitable interest is in another, but in a partnership the partners are co-owners. Additionally, a partnership is basically a relationship of mutual agency while, in a true trust, the trustee is principal alone. 1 Bogert, Trust and Trustees (2 Ed.), Section 36; *Hanson* v. *Birmingham* (1950), 92 F. Supp. 33; R. C. 1775.24 and 1775.08; 68 Corpus Juris Secundum 403, Section 1, (4).

Neither does the dissolution of a partnership, by the

death of a partner, whereby the surviving partner is, by law, given the right to hold the partnership assets for winding up create a true trust. 2 Rowley on Partnership 15, Section 45.1; *Gilmore* v. *Ham* (1894), 142 N. Y. 1, 36 N. E. 826. While the right of the deceased partner in specific partnership property vests at his death in the surviving partner pursuant to R. C. 1775.24(B)(4), the interest taken by the representative of the deceased partner's estate is the legal interest of such deceased partner. See 1 Bogert, Trust and Trustees (2 Ed.), Section 36. Although, as in a trust, the duties of the surviving partner are fiduciary and he is often referred to as a trustee or quasi trustee, unlike a true or technical trust, the duties imposed upon the surviving partner are not the duties normally imposed by the usage of equity upon a trustee in carrying out the terms of the trust. Rather, the duties of the surviving partner are temporary, specific and enumerated in the Uniform Partnership Law, R. C. Chapters 1775 and 1779.

If there is no technical trust cognizable solely in equity, *a fortiori*, there is no continuing or subsisting trust excepted from the statute. Thus, in *Gray* v. *Kerr* (1889), 46 Ohio St. 652, an action for an accounting between former partners, the legal issue was presented whether, after dissolution, the partners were trustees of a continuing and subsisting trust until the affairs of the partneship were terminated. The court, while recognizing the analogy between the duties of trustees and partners after dissolution, and the cases holding that a liquidating or surviving partner is a trustee, held under the facts of the case wherein there had been no fraudulent application of the partnership property, nor any agreement making him the liquidating partner or otherwise giving him control of the assets, that there was nothing upon which to ground a trust and since the duty to account after payment of creditors was that of debtor-creditor, there was no trust and, therefore, no continuing trust which barred the statute of limitation. It should be noted that the court did not decide, as appellee urges here, that if a partner had fraudulently applied the assets a trust

in the nature of a continuing and subsisting trust would arise.

Likewise, in *Townsend* v. *Eichelberger, supra* (51 Ohio St. 213), the claim of a continuing and subsisting trust was rejected as to money received by a sheriff in his capacity as sheriff from a partition sale and which, on demand, he was required to pay to persons entitled. In the opinion, the court stated that the remedies were only at law, and, therefore, the receipt of the money and duty to pay could not be a continuing and subsisting trust.

Finally, it is urged by appellee that R. C. 1775.20 makes a surviving partner accountable as a trustee of an express trust which is continuing and subsisting. That section provides:

"(A) Every partner must account to the partnership for any benefit and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

In our view, that section does no more than enunciate the fiduciary character of the partnership relationship, from formation through liquidation, the breach of which may be the basis of a constructive trust. *Fouchek* v. *Janicak* (1950), 190 Ore. 251, 262, 225 P. 2d 783; 2 Rowley on Partnership 7, Section 44.21. See, also, official comment to U. L. A. Section 21(1) of the Uniform Partnership Act.

The Court of Appeals stated, in its opinion, in substance, that the allegations of the complaint were sufficient to create a constructive trust upon the basis that the partner-husband in breach of his fiduciary duty by fraud, by commission of a wrongful act and unconscionable conduct, obtained title and ownership which he should not, in equity, hold and enjoy. The court then concluded there was a "continuing and subsisting" trust within the meaning of R. C. 2305.22.

Constructive trusts, by their very nature, are not technical direct trusts cognizable solely in equity, and,

therefore, are not continuing and subsisting trusts exempted from the statutes of limitation. Technical express trusts are matters of substantive law, while a constructive trust is a remedial technique utilized by courts of equity to do justice. 3 Ohio St. L. J. 1, The Constructive Trust: A Neglected Remedy in Ohio. See, also, 5 Bogert, Trust and Trustees (2 Ed.), Section 47, Restatement of the Law, Restitution, 640, Section 160. An express trust arises by reason of a manifested intention to create it. Constructive trusts are imposed irrespective of intention. "They are distinct concepts. They are not two species of a single genus." 5 Scott on Trusts (3 Ed.), 3416, Section 462.1.

In Ohio, statutes of limitation attach to causes of action and not to the remedial form in which the action is brought. *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47. If the cause of action in which imposition of a constructive trust is sought as a remedy is barred by a statute of limitation, the imposition of a constructive trust is likewise barred. It is a rule of universal application that limitation statutes will run with respect to actions seeking imposition of constructive trusts. 54 Corpus Juris Secundum 154, Section 179; Restatement of Law, Restitution, 722, Section 179; 9 Bogert, Trust and Trustees (2 Ed.), Section 953; 5 Scott on Trusts (3 Ed.), 3464, Section 481. It is, likewise, the rule in Ohio. *Yearly* v. *Long, supra* (40 Ohio St. 27); *Winder* v. *Scholey* (1910), 83 Ohio St. 204; *Seeds* v. *Seeds* (1927), 116 Ohio St. 144; 54 Ohio Jurisprudence 2d, Section 252.

When the statute will commence to run is dependent upon whether the wrong is in an unlawful acquisition, or, if the property was lawfully acquired, the date of the wrong in its conversion or misapplication, and subject to an exception, inapplicable here, whether, after the wrong, the wrongdoer acknowledges the equitable right of the wronged party. 9 Bogert, Trusts and Trustees (2 Ed.), Section 953.

A remaining issue in dispute by the parties is the nature of the action set forth in the complaint. Appellants

contend that it is an action based upon a simple breach of duty by their decedent to account to the estate of the deceased partner who predeceased him. Appellee urges that their claim sounds in fraud, that fraud is the "gist" of the action. The ground of the action and the nature of the demand determine which statute of limitation is applicable. *State, ex rel. Lien, v. House* (1944), 144 Ohio St. 238.

R. C. 1775.30 provides that dissolution of a partnership is caused, *inter alia*, by the death of a partner, although such dissolution does not terminate the partnership but it continues in existence until the winding up is completed. (R. C. 1775.29.) R. C. 1775.42 provides that the right to an account of his interest shall accrue to any partner, or his legal representative, as of the date of dissolution in the absence of any agreement to the contrary. This court had, prior to the enactment of the statute, held that a cause of action for accounting accrues upon dissolution. *Gray* v. *Kerr, supra* (46 Ohio St. 652). In *Gray*, it was also held that the ten-year limitation in R. S. 4985 (now R. C. 2305.14) was applicable to such right of accounting. It follows, therefore, that if, as appellants contend, the ground of the action here is a failure to account, the action was barred, since more than ten years had elapsed.

Appellants' contention would be persuasive if the complaint alleged the action of their decedent to be simply passive in failing to account after a winding up of the partnership. The complaint, however, alleges, directly and by inference, not only a failure of the surviving partner to account, but affirmative action on his part in that within one month of her death he represented to the Probate Court that the assets of Mildred Razza were worth less than $1,000, which representation was "not true"; that thereafter he kept substantial assets to which he was not entitled as his own, did not wind up and terminate the partnership, but "wrongfully" continued to operate it.

In our view, the complaint is not grounded upon a simple failure to account; rather, it is grounded upon fraud, not in the original acquisition, since as surviving

partner he was entitled to the assets by reason of his status as surviving partner, but in the breach of his fiduciary duty with respect to the assets by falsely representing and claiming the assets as his own. Being so grounded, the period in which relief could be granted by way of accounting and imposition of a constructive trust was the four-year provision of R. C. 2305.09. *State, ex rel Lien,* v. *House, supra* (144 Ohio St. 238); *Seeds* v. *Seeds* (1927), 116 Ohio St. 144; *Winder* v. *Scholey, supra* (83 Ohio St. 204).

However, even accepting appellee's contention that the complaint is bottomed upon fraud, there is no statement or inference in the complaint that the fraudulent misrepresentation of the extent of Mildred Razza's assets was not discovered until within four years of commencement of suit. On the face of this complaint, more than four years has elapsed since the alleged fraud.

Prior to the adoption of the Civil Rules, this court held that where it appeared from a plaintiff's petition, in an action for relief on the ground of fraud, that the cause of action accrued more than four years before the action was commenced, an averment that the fraud was not discovered until within four years of bringing the action was required to bring the pleader within the saving exception of the statute. *Zieverink* v. *Kemper* (1893), 50 Ohio St. 208; *Combs* v. *Watson* (1877), 32 Ohio St. 228.

We can conceive of no reason why the rule should be different under the Civil Rules. The rules are structured to allow prompt and summary disposition of cases at early stages in cases where recovery could not under any circumstances be made. The Federal Rules of Civil Procedure have been interpreted to require, when a complaint on its face is barred by a statute of limitation, that it is the duty of the pleader to assert exceptions to the statute. *Kincheloe* v. *Farmer* (1954), 214 F. 2d 604, certiorari denied, 348 U. S. 920.

We conclude, therefore, that since the complaint on its face was statutorily barred, judgment on the pleadings

was properly entered. By so deciding, it does not follow that appellee is entitled to no relief. Upon the trial court's decision to grant judgment on the pleadings, appellee promptly tendered an amended complaint. The trial court refused to permit filing such amended complaint and entered final judgment.

The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ. R. 1(B) requires that the Civil Rules shall be applied "to effect just results." Pleadings are simply an end to that objective. The mandate of Civ. R. 15(A) as to amendments requiring leave of court, is that leave "shall be freely given when justice so requires." Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion. We observe no good reason why leave should have been denied in this case, and therefore hold that the overruling of the motion for leave to amend constituted prejudicial error.

The judgment of the Court of Appeals, reversing the judgment of the Common Pleas Court granting judgment on the pleadings, is reversed. Proceeding to enter the judgment that the Court of Appeals should have entered, the order of the Common Pleas Court overruling appellee's motion to file an amended complaint is reversed and the cause is remanded to the Common Pleas Court for further proceedings.

*Judgment reversed.*

O'Neill, C. J., Herbert, Stern, Celebrezze, W. Brown and P Brown, JJ., concur.

Stephenson, J., of the Fourth Appellate District, sitting for Corrigan, J,