**T.L. KNOX INVESTMENTS, Appellee,**

v.

**JUSTICE et al., Appellants.**

[Cite as *T.L. Knox Investments v. Justice* (1999), 139 Ohio App.3d 1.]

Court of Appeals of Ohio,
Fifth District, Knox County.

No. 99 CA 8.

Decided Dec. 29, 1999.

**2**

*Shuler, Plank, Morgan & Brahm, Richard C. Brahm, Franklin E. Eck, Jr.* and *Samantha A. Shuler,* for appellee.

*Law Offices of Mowery & Youell* and *Samuel N. Lillard;* and *John C. Thatcher,* for appellants.

WISE, Judge.

Appellants Earl and Illeen Justice appeal the grant of a declaratory judgment and injunction in favor of appellee T.L. Knox Investments, Inc. ("Knox Investments") by the Knox County Court of Common Pleas. The relevant factual and procedural history are as follows.

The controversy in question arose as a result of zoning litigation in Knox County Common Pleas Court, case No. 98AP030065. In that case, appellants filed an application for a zoning amendment with the Clinton Township Zoning Commission on October 23, 1997. In the application, appellants requested that a 17.93 tract of land they owned on Harcourt Road, in Clinton Township, be rezoned from "Rural Residential and Agricultural" to "Residential Manufactured House Park" so that they could pursue their plan to build a manufactured housing allotment.

Appellee Knox Investments owns the property immediately south of appellants' tract of land and conducts business thereon in the form of a John Deere dealership. The zoning commission notified appellee and the other surrounding property owners of appellants' application and subsequently held a hearing on the application on December 8, 1997. During appellants' presentation, Mr. Justice expressed an intent to limit the development to residents age fifty-five and older as permitted by the Housing for Older Persons Act of 1995, Section 3601 et al., Title 42, U.S.Code. The zoning commission took the matter under advisement in order to review the legality of the proposed age restrictions.

After review and an analysis by the Knox County Prosecuting Attorney's Office, the zoning commission denied appellants' application by a vote of three to

one. On February 16, 1998, the Clinton Township Board of Trustees heard appellants' administrative appeal of the commission's decision. At the conclusion of the hearing, the trustees denied appellants' application by a vote of two to one.

On March 10, 1998, appellants filed an appeal to the Knox County Court of Common Pleas, under case No. 98AP030065, alleging that the denial of their application was not supported by the evidence and that said decision constituted a violation of the Fifth and Fourteenth Amendments to the United States Constitution.

On June 23, 1998, following a written proposal to settle by the Clinton Township Trustees, the trial court entered a judgment entry incorporating a settlement agreement wherein the trustees permitted the requested rezoning on condition that appellants maintain their planned housing allotment as a "fifty-five and older" senior manufactured housing park, pursuant to the aforesaid 1995 federal Act. Appellee did not participate nor seek to intervene during the pendency of that case.

On October 2, 1998, appellee filed a complaint for declaratory judgment and injunction in the Knox County Court of Common Pleas. Appellants answered on October 29, 1998. On December 10, 1998, appellants filed a motion for judgment on the pleadings, or, in the alternative, summary judgment. The trustees also filed a motion for summary judgment on December 22, 1998. Appellee in turn filed a cross-motion for summary judgment on January 12, 1999.

The trial court set the summary judgment matters for oral argument on April 1, 1999. On April 16, 1999, the trial court issued a judgment entry and order granting summary judgment in favor of appellee, holding that the judgment entry in case No. 98AP030065 was void and unenforceable. Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:

"I. The trial court erred [in] granting appellee's dispositive motion and denying appellants' dispositive motions and holding that the agreed judgment entry reflecting the settlement agreement of the party appellants in case No. 98AP030065 was void and unenforceable, as the court had clear jurisdiction in that case over appellants Justices' constitutional challenge of appellant trustees' denial of the rezoning request.

"II. The trial court erred in granting appellee's dispositive motion and adopting the appellee's argument because the trial court did not had [sic] the authority to issue a judgment entry reflecting the parties' resolution to the appeal pursuant to O.R.C. § 2506.04.

"III. The trial court erred in denying the appellants Justices' motion for judgment on the pleading as the appellee was not entitled to bring a declaratory

**4**

action contesting the settlement entry of a closed case to which it was not a party nor requested to intervene as no real controversy existed between the appellee and the appellant[s] and the appellee's allegations were not justiciable in character.

"IV. The trial court erred granting appellee's dispositive motion and denying appellants' dispositive motions as the appellee did not have standing to contest jurisdictional issues of other resolved litigation to which it * * * was neither a party nor attempted to intervene."

We will address appellants' third assignment of error first as it is dispositive of this matter on appeal. Appellants contend, in their third assignment of error, that the trial court should have granted their motion for judgment on the pleadings because appellee Knox Investments was not entitled to bring a declaratory judgment action and appellee's allegations were not justiciable in nature. We agree.

In support of their third assignment of error, appellants first contend that appellee Knox Investments did not meet the required criteria to bring an action for declaratory relief and, therefore, the trial court should have granted their motion for judgment on the pleadings. Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civ.R. 12(C), "dismissal is [only] appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936. The very nature of a Civ.R. 12(C) motion is specifically designed for resolving solely questions of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 166 63 O.O.2d 262, 264, 297 N.E.2d 113, 117. Reviewing courts will reverse a judgment on the pleadings if plaintiffs can prove any set of facts that would entitle them to relief. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 772, 623 N.E.2d 185, 188. The review will be done independent of the trial court's analysis to determine whether the moving party was entitled to judgment as a matter of law. *Id.*

In addressing appellee's complaint for declaratory judgment, appellants refer to the case of *Williams v. Akron* (1978), 54 Ohio St.2d 136, 144, 8 O.O.3d 125, 130, 374 N.E.2d 1378, 1383, which provides that a declaratory judgment action must contain the following elements: "(1) a real controversy between [the] parties, (2) a controversy which is justiciable in character, and (3) a situation where speedy relief is necessary to preserve the rights of the parties * * *."

The Ohio Supreme Court addressed a declaratory judgment action in the context of zoning issues in *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350. In *Karches,* the Ohio Supreme Court specifically held:

"The constitutionality of a zoning ordinance may be attacked in two ways. An appeal from an administrative zoning decision can be taken pursuant to R.C. Chapter 2506. In addition, or in the alternative, a declaratory judgment action pursuant to R.C. Chapter 2721 can be pursued." (Citation omitted.) *Id.* at paragraph one of the syllabus.

In *Karches,* the Ohio Supreme Court explained the difference between the R.C. Chapter 2506 appeal and a declaratory judgment action. With respect to declaratory judgment, the court stated:

"[A] declaratory judgment action challenges the constitutionality of an existing zoning ordinance. * * * The overall constitutionality of a zoning ordinance as applied to a particular parcel of property is the central question.

"* * *

"A declaratory judgment action lies when a party challenges a zoning ordinance as it applies to a specific parcel of property to proscribe the owner's proposed use of the property." (Citations omitted.) *Id.* at 16, 526 N.E.2d at 1354–1355.

█ We find the trial court should have granted appellants' motion for judgment on the pleadings as appellee can not prove any set of facts entitling it to relief. As discussed previously, pursuant to *Karches,* appellee can maintain a declaratory judgment action to challenge the constitutionality of the existing zoning ordinance. However, the Ohio Supreme Court explained, in *Karches,* the constitutional grounds that must be demonstrated in order to strike a zoning ordinance as unconstitutional. Specifically, the court found that the zoning classification must be "unreasonable and not necessary to the health, safety and welfare of the municipality [or the ordinance must deny the landowners] the economically viable use of their land without substantially advancing a legitimate government interest." (Citations omitted.) *Karches* at 19, 526 N.E.2d at 1357.

Appellee's second cause of action did not challenge the constitutionality of the zoning ordinance based on either of the above two grounds set forth by the Ohio Supreme Court in *Karches.* Instead, the second cause of action challenged the trial court's use of its authority to rezone. It does not challenge the constitutionality of the existing zoning ordinance. Because appellee failed to challenge the constitutionality of the zoning ordinance and instead challenged the trial court's authority to rezone, we find the trial court should have granted appellants' motion for judgment on the pleadings and denied appellee's motion for summary judgment.

Appellants' third assignment of error is sustained. We will not address appellants' first, second, and fourth assignments of error as they are moot based on our disposition of appellants' third assignment of error.

For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County is hereby reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GWIN and READER, JJ., concur.

W. DON READER, J., retired, of the Fifth Appellate District, sitting by assignment.