[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
The first assignment of error, which alleges that the trial court's judgment was against the manifest weight of the evidence, is overruled. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The decision of the trier of fact will not be reversed as being against the manifest weight of the evidence as long as it is supported by some competent, credible evidence. See Vogel v. Wells (1991), 57 Ohio St.3d 91,566 N.E.2d 154; C.E. Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
 The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death.
Wright v. Bloom (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, paragraph two of the syllabus.
The record reveals that a certificate of deposit was opened jointly and with rights of survivorship in the names of Ruth D. Barber-Kline and plaintiff-appellee Melvin Ray Dutton. Barber-Kline provided the funds for the certificate of deposit. The trial court determined that there was no evidence that the certificate of deposit was transferred by Dutton or Barber-Kline into the Ruth Barber-Kline Family Trust ("Trust"). There is no document containing Barber-Kline's signature that transfers the certificate of deposit into the Trust. Based upon the record, the trial court was entitled to find that Barber-Kline did not transfer the certificate of deposit into the Trust. We hold that the trial court's determination that Dutton was entitled to the certificate of deposit upon Barber-Kline's death is supported by competent, credible evidence.
In addition, we hold that the trial court's determination that Dutton had a right to receive the personal property set forth in the "Disposition of Personal Effects Letter of Instructions" ("Letter") was not against the manifest weight of the evidence. Barber-Kline clearly executed the document, which instructed the trustee to distribute the listed personal property to Dutton. The trial court's conclusion that the document represented a transfer of the listed personal property into trust for Dutton is supported by competent, credible evidence.
The second assignment of error, which alleges that the trial court's judgment was contrary to law, is overruled. The trial court found, based upon the evidence presented, that the certificate of deposit had not been transferred into the Trust by either Barber-Kline or Dutton, the owners of the certificate. Therefore, Dutton, as joint owner with a right of survivorship, was entitled to the proceeds upon the death of Barber-Kline. SeeWright v. Bloom, supra.
In addition, the trial court's finding that Dutton was entitled to receive the personal property listed in the Letter was not contrary to law. "An express trust arises by reason of a manifested intention to create it." Peterson v. Teodosio (1973),34 Ohio St.2d 161, 172, 297 N.E.2d 113, 120. Based upon the evidence presented, the trial court found that Barber-Kline transferred the listed items into trust for Dutton's benefit. The record supports the trial court's finding.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and SUNDERMANN, JJ.