[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Frisch's Restaurants, Inc. appealed to the Hamilton County Court of Common Pleas the Industrial Commission's decision not to hear Frisch's appeal of the Commission's Staff Hearing Officer's order allowing appellee Delores Foley to participate in the Workers' Compensation Fund. (Under R.C. 4123.512 (B), the Administrator of the Bureau of Workers' Compensation, the claimant, and the employer are all parties to the appeal. The Administrator, in this case, is an appellee.) Frisch's appeal related to the finding that the "condition aggravation of pre-existing disc protrusion at L4-5 was causally related to and/or the result of [Foley's] allowed industrial injury." In response, Foley filed a petition as required under R.C. 4123.512(D), and on December 6, 1999, Frisch's filed an answer to the allegations in the petition and served its interrogatories and request for production of documents.
On February 9, 2000, the trial court established a scheduling order that included a discovery deadline of September 29, 2000. On September 11, 2000, Frisch's took Foley's deposition. On September 29, 2000, Foley requested leave to file an amend petition to include the allegations that the industrial injury caused the disc protrusion and that it aggravated Foley's pre-existing lumbar arthritis, based upon her experts' anticipated testimony. Frisch's opposed the motion, in part claiming that such a request five weeks before trial was untimely.
On October 18, 2000 and November 1, 2000, Frisch's deposed Foley's experts. Foley deposed Frisch's expert November 1, 2000. On November 9, 2000, the trial began as scheduled. Before trial, the court granted the motion for leave to amend. During the hearing on the motion, Frisch's counsel conceded that it did address the issues raised in the amended petition with the deposed experts.
On appeal, Frisch's raise one assignment of error in which it alleges that the trial court abused its discretion in granting Foley's motion for leave to amend her petition.
Civ.R. 15(A) provides that leave of court to amend a pleading "shall be freely given when justice so requires." We cannot reverse a trial court's decision whether to grant or deny a motion for leave to amend unless we determine that the trial court's decision was an abuse of discretion.[1]
In determining whether the trial court has abused its discretion, the Ohio Supreme Court has stated, "[W]here it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion."[2] As we have explained, "An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse of discretion' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."[3]
The issue before us is whether Foley's motion was timely and whether Frisch's was prejudiced. While under some circumstances, this could be considered an untimely motion, we cannot say the trial court abused its discretion in deciding otherwise when Foley filed it five weeks before trial and before the depositions of any experts. Further, "the most important factor in deciding whether to grant or deny a motion to amend must be actual prejudice to the opposing party."[4] In this case, where Frisch's has failed to demonstrate any actual prejudice from the trial court's actions, we conclude that that the trial court did not abuse its discretion. That is not to say that we do not understand Frisch's frustration with the amendment and the timing of the trial court in rendering its decision. But in light of the liberal policy of allowing amendments endorsed under Civ.R. 15(A) and the difficulty in meeting the abuse-of-discretion standard, we must overrule Frisch's assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter, and Shannon, JJ, concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Turner v. Cent. Local School Dist. (1999), 85 Ohio St.3d 95,99, 706 N.E.2d 1261, 1264.
[2] See Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175,297 N.E.2d 113, 122; see, also, Wilmington Steel Products, Inc. v.Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120, 122,573 N.E.2d 622, 624; Jones v. R/P Internatl. Technologies, Inc. (Sept. 27, 1995), Hamilton App. No. C-940567, unreported.
[3] See Jones v. R/P Internatl. Technologies, supra, quoting State v.Jenkins (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264, 313.
[4] See Jones v. R/P Internatl. Technologies, Inc., supra