OPINION
{¶ 1} Plaintiff-appellant the Estate of Richard A. Heath appeals the April 3, 2002 Judgment Entry of the Delaware County Court of Common Pleas, which found against him on defendant-appellee Grange Mutual Casualty Company's motion for judgment on the pleadings.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 31, 2000, Richard Heath was involved in a fatal collision at the intersection of County Road 100 and State Road 203 in Delaware County, Ohio. Mr. Heath was driving his motorcycle when he struck by a car driven by Robert B. Danner.
 {¶ 3} At the time of the collision, Mr. Heath was insured by Grange Mutual Casualty Company through a homeowner's policy. On July 3, 2001, appellant filed a Complaint for Declaratory Judgment seeking a determination it was entitled to UIM/UDM coverage under the Grange policy.
 {¶ 4} On September 14, 2001, appellant filed its Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). On October 8, 2001, Grange filed its Memorandum Contra to Appellant's Motion for Judgment on the Pleadings, and filed a Cross-Motion for Judgment on the Pleadings. In its cross-motion, Grange argued the homeowner policy did not provide UIM/UDM coverage because the policy could not qualify as an automobile liability or motor vehicle liability policy of insurance pursuant to R.C. 3937.18. Further, Grange contended the residence employee exception set forth in its policy did not transform the homeowner's insurance policy into an automobile liability policy.
 {¶ 5} In an April 3, 2002 Judgment Entry, the trial court found in favor of Grange and against appellant. It is from that judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 {¶ 6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANT/APPELLEE BY ITS DETERMINATION THAT THE GRANGE MUTUAL CASUALTY INSURANCE POLICY DOES NOT PROVIDE UNINSURED/UNDERINSURED MOTORISTS COVERAGE TO PLAINTIFF/APPELLANTS."
 I {¶ 7} In appellant's sole assignment of error, it maintains the trial court erred in granting judgment on the pleadings and in finding the Grange homeowner's policy did not provide UIM/UDM coverage. We disagree.
 {¶ 8} The standard of review of the grant of a Motion for Judgment on the Pleadings is the same as the standard of review for a Civ.R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. Rich v. Erie County Department of Human Resources (1995),106 Ohio App.3d 88, 91, 665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. Flanagan v. Williams (1993),87 Ohio App.3d 768, 623 N.E.2d 185. See, also, Nelson v. Pleasant
(1991), 73 Ohio App.3d 479, 481, 597 N.E.2d 1137; Barilatz v. Luke (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.
 {¶ 9} A reviewing court need not defer to the trial court's decision in such cases. Id. A Motion for a Judgment on the Pleadings, pursuant to Civ.R. 12(C), presents only questions of law. Peterson v.Teodosia (1973), 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113. The determination of a motion under Civ.R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. Id.
 {¶ 10} The statute at issue is R.C. 3937.18. We review the statute as it existed on the date of the accident, May 30, 2000. At that time, the statute stated, in relevant part:
 {¶ 11} "3937.18 UNINSURED AND UNDERINSURED MOTORIST COVERAGE
 {¶ 12} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle * * * unless both of the following coverages are offered: * * *
 {¶ 13} "(1) Uninsured motorist coverage * * *
 {¶ 14} "(2) Underinsured motorist coverage * * *
 {¶ 15} "* * *
 {¶ 16} "(L) As used in this section, "automobile liability or motor vehicle liability policy of insurance" means either of the following:
 {¶ 17} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
 {¶ 18} "(2) Any umbrella liability policy of insurance."
 {¶ 19} R.C. 4509.01, as it existed at the time of the collision, set forth definitions governing insurance policies serving as proof of financial responsibility. The statute stated, in relevant part:
 {¶ 20} "(L) "Motor-vehicle liability policy" means an "owner's policy" or an "operator's policy" of liability insurance, certified as provided in section 4509.46 or 4509.47 of the Revised Code as proof of financial responsibility, and issued, except as provided in section 4509.47 of the Revised Code, by an insurance carrier authorized to do business in this state, to or for the benefit of the person named therein as insured."
 {¶ 21} In order to constitute an owner's policy of liability of insurance, the policy must specifically designate and describe all motor vehicles with respect to which coverage is granted. Every owner's policy liability insurance must designate by explicit description or by appropriate reference, all motor vehicles with respect to which coverage is granted. R.C. 4509.51(A). Further, such a policy must insure the person named therein and any other person using such a motor vehicle with the express or implied permission of the insured. R.C. 4509.51(B).
 {¶ 22} The Grange policy attached to the complaint demonstrates no motor vehicles are designated by explicit description on the declaration page. Further, the policy does not insure all person using motor vehicles with permission of the named insured. Accordingly, the homeowner's policy does not satisfy the statutory requirements to be an "owner's policy" of motor vehicle insurance.
 {¶ 23} In order to constitute an operator's policy, the homeowner's policy must insure the policy holder for any loss arising out of the policy holder's use of any non-owned vehicle. R.C. 4509.52. A review of the Grange homeowner's policy explicitly excludes insurance for "any motor vehicle non-owned by [the insured]."
 {¶ 24} In light of the statutes, the homeowner's policy does not meet the definition of either an owner's policy or an operator's policy pursuant R.C. 3937.18, as it existed at the time of the accident. Because the homeowner's policy did not serve as proof of financial responsibility as defined by division (K) of section 4509.01 for owners or operators of the motor vehicles specifically identified in the policy of insurance, the homeowner's policy does not qualify under R.C. 3937.18(L)(1).
 {¶ 25} Further, for the same reasons set forth in Pillo v.Stricklin (Feb. 5, 2001), Stark App. No. 2000-CA-00201, we find the homeowner's policy in the matter sub judice, can not qualify as an umbrella policy. Accordingly, we find the trial court correctly determined Grange was not required to offer UIM/UDM coverage for the homeowner's policy, notwithstanding the fact the homeowner's policy contained residence employee coverage.
 {¶ 26} Appellant's sole assignment of error is overruled.
 {¶ 27} The April 3, 2002 Judgment Entry of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Wise, J. concur.
topic: 2000 version of R.C. 3937.18 coverage for UIM in homeowner's policy.