OPINION
{¶ 1} This appeal precipitates from an underlying criminal action which resulted in an order of forfeiture of certain real estate owned by defendant Larry Hamilton. Subsequent to the court ordered forfeiture, appellant, Robert Cregar, president of All American Big Bob's Bail Bonding, asserted an interest in this property; the court denied appellant's claim and appellant now appeals. The following facts are germane to the issues presented for our review:
 {¶ 2} Sometime on or before February 3, 2003 Larry Hamilton contacted appellant in interest of securing an appearance bond in a pending criminal investigation. Although no charges had been filed, appellant was apparently aware that charges were imminent.[1] Appellant agreed to act as Mr. Hamilton's bail-bondsman. Pursuant to this agreement, appellant entered into a mortgage agreement with Mr. Hamilton to secure "contingent expenses" incurred in his role as Hamilton's bail bondsman. This agreement was executed on February 3, 2003 and recorded in the Ashtabula County Record of Deeds.
 {¶ 3} On February 28, 2003, Larry Hamilton was charged, via information, with Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32; attached to the charge was a forfeiture specification on the real estate subject to Cregar/Hamilton mortgage agreement.[2] The acts which constituted the crime were alleged to have occurred between January 1, 2000 and September 5, 2002, well before appellant allegedly secured an interest in the real estate in question. Ultimately, Hamilton pleaded guilty to the charge resulting in the forfeiture of the property at issue.
 {¶ 4} The verdict of forfeiture was filed on June 11, 2003. On July 18, 2003, pursuant to R.C. 2923.32 and 2933.41, the trial court ordered the transfer of the real estate to the Ashtabula County Commissioners for disposition by the Ashtabula County Prosecuting Attorney.
 {¶ 5} On August 12, 2003, a notice of forfeiture was sent to appellant. On August 22, 2003, appellant filed a "Petition to Determine Validity of Petitioner's Claim," to which the state responded on August 26, 2003. On October 10, 2003, a hearing was held to determine whether appellant's petition was proper and whether he had a valid claim. During the hearing, appellant moved the court for leave to amend his petition as it failed to comply with the mandates of R.C. 2923.32(E)(2), the statutory sub-section governing petitions to determine the validity of a claim on forfeited property. The court denied this motion based upon appellant's failure to timely comply with a procedural mandate set forth in the statute.
 {¶ 6} Notwithstanding his defective petition, appellant moved forward and argued he had a legal interest in the property as he was a bona fide purchaser for value and was reasonably without cause to believe the property was subject to forfeiture. See R.C. 2923.32(E)(4). In response, the state argued appellant was not a bona fide purchaser because, as a bail-bondsman, he had reasonable cause to believe the property was subject to forfeiture. The court took the parties' arguments under advisement and, on October 15, 2003, filed its judgment entry in which it found appellant's petition invalid for failure to comply with the statutory requirements of R.C. 2923.32(E). The court further determined appellant had neither a vested interest in the property at issue nor was a bona fide purchaser for value, reasonably without cause to believe the property was subject to forfeiture.
 {¶ 7} Appellant now appeals and assigns the following errors for our review.
 {¶ 8} "[1.] The trial court's denial of petitioner's motion to amend his petition was an abuse of discretion.
 {¶ 9} "[2.] The trial court's judgment that petitioner's claim was not valid is against the manifest weight of the evidence."
 {¶ 10} Civ.R. 15(A) governs the amendment of pleadings. After the time for an amendment of right has passed, a party may amend his or her pleading "only by leave of court or consent of the adverse party. Leave of court shall be freely given when justice so requires." Civ. R. 15(A). While Civ.R. 15(A) mandates that leave to amend be granted freely, justice requires the moving party to establish a prima facie showing of support for the matters he seeks to plead. Wilmington Steel Products,Inc. v. Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120, syllabus. Thus, when a moving party fails to present a prima facie claim, the motion to amend must be denied. Id.
 {¶ 11} Pursuant to the foregoing guidance, appellant's contention that the trial court abused its discretion when it denied his motion to amend necessarily implicates the court's determination that appellant had no claim upon which relief might be granted. For ease of discussion, we shall address each assignment of error together.
 {¶ 12} R.C. 2923.32(E)(2) states, in pertinent party:
 {¶ 13} "* * * any person * * * who claims an interest in the property that is subject to forfeiture may petition the court for a hearing to determine the validity of the claim. The petition shall be signed andsworn to by the petitioner and shall set forth the nature and extent of the petitioner's interest in the property, the date and circumstances of the petitioner's acquisition of the interest, any additional allegations supporting the claim, and the relief sought." (Emphasis added).
 {¶ 14} R.C. 2923.32(E)(4) permits the court to amend a judgment of forfeiture to protect the rights of innocent persons if it determines "the petitioner has a legal right, title, or interest in the property, that and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section, * * *."
 {¶ 15} R.C. 2923.32(E)(2) clearly requires the petition to be "signed and sworn by the petitioner." Appellant failed to do this; appellant moved to amend his petition in order to comply with the statute. The court denied appellant's motion, reasoning:
 {¶ 16} "I think those requirements are statutory. You've got 30 days to file this Petition, and the statute requires that the Petition be sworn to by the Petitioner.
 {¶ 17} "This 30-day period is long transpired now. I'm going to deny you leave to amend it at this time.
 {¶ 18} "It's pretty clear, the notice your client got from the State cited this exact Revised Section number. So anybody that was going to file a Petition surely should have read that section number before they filed a Petition to make sure it complied with the law. And I didn't see any reason to grant leave now to amend it. So request is denied."
 {¶ 19} As indicated above, leave of court to amend a petition should be freely given when justice requires. It is an abuse of discretion for a court to deny a motion, timely filed, seeking to amend his pleadings where it is possible the party may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed. See, Peterson v. Teodosio (1973), 34 Ohio St.2d 161, syllabus.
 {¶ 20} Here, appellant filed his petition on August 12, 2003; pursuant to R.C. 2923.32(E)(2), appellant had until September 11, 2003 to file his petition. At the time of filing, appellant had twenty days remaining on the statutory clock to realize his error. Moreover, appellant had nearly two months from the time the petition was filed until the court conducted the hearing to move the court for leave to correct the error. Based upon the facts and circumstances, the court did not haphazardly overrule appellant's motion, but justified its denial by underscoring appellant's failure to comply with the specific imperatives of the statute. The court did not render its decision unreasonably or arbitrarily.
 {¶ 21} However, assuming, arguendo, the court erred in denying appellant's motion to amend his petition, appellant failed to show he suffered any injustice resulting from the denial. See, App.R. 15(A). In order to determine whether appellant suffered a fundamental injustice, we must analyze whether appellant was a bona fide purchaser of the property for value and was reasonably without cause to believe the property was subject to forfeiture. R.C. 2923.32(E)(4).
 {¶ 22} Under the circumstances, the acts which gave rise to the forfeiture of the property occurred between January 1, 2000 and September 5, 2002. The mortgage agreement which gave appellant an alleged interest in the property was executed on February 3, 2003, well after the activities giving rise to the criminal offense. The statute requires a party to demonstrate he or she had a vested interest in the property "at the time of the commission of the acts giving rise to the forfeiture * * *." R.C. 2923.32(E)(4). An extant interest in forfeited property on or before the date the crimes were committed tends to demonstrate the party claiming interest was "innocent" as contemplated by R.C. 2923.32(E)(4). Appellant had no such interest and stipulated to this evidence at the hearing. This evidence weighs heavily against appellant's status as an "innocent," bona fide purchaser.
 {¶ 23} Furthermore, appellant is a bail bondsman who, by virtue of his trade, should be familiar with the criminal justice system and criminal laws regarding forfeiture. Where a bail-bondsman enters into an agreement for compensation for his services, the arranged compensation cannot involve money or property obtained from or used in the furtherance of the criminal activities with which an offender is charged. All such property and/or funds are subject to forfeiture by law and like all individuals, a bailbondsman is charged with knowledge of the law.
 {¶ 24} Here, appellant's interest in the property was conditioned upon charges being filed against his client. Mr. Hamilton sought appellant and must have been aware of the possible charges or the acts which prompted the criminal investigation substantiating the need for appellant's services. If appellant was privy to the possible charges his client faced or was merely aware of the acts prompting the alleged investigation, he would have had reasonable notice the property in question was subject to forfeiture. Thus, given the nature of the parties' association, we believe appellant had reasonable cause to believe the property was subject to forfeiture.
 {¶ 25} In our view, the weight of the evidence in the record indicates appellant had reasonable cause to believe the property in question was subject to forfeiture. Therefore, pursuant to R.C. 2923.32(E), appellant enjoyed no "legal right, title or interest in the property."
 {¶ 26} Appellant's two assigned errors are without merit and the decision of the Ashtabula County Court of Common Pleas is hereby affirmed.
O'Neill, J., Grendell, J., concur.
[1] Appellant was charged via information. Pursuant to Crim.R. 7, a party prosecuted by information has been apprized of the nature of the charge or charges against him and accordingly may waive his right to be charged by indictment.
[2] The forfeiture specification is included in R.C. 2923.32, the statute governing the crime of Engaging in a Pattern of Corrupt Activity.