GESSNER et al., Appellees,

v.

GREGG'S PAWN SHOP, INC., d.b.a. Morris Loan, Appellant.

[Cite as *Gessner v. Gregg's Pawn Shop, Inc.*, 181 Ohio App.3d 217, 2009-Ohio-713.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2008CA00170.

Decided Feb. 17, 2009.

William W. Emley Sr., and Thomas R. Himmelspach, for appellees.

Jeffrey D. Haupt, for appellant.

---

FARMER, Presiding Judge.

{¶ 1} On July 16, 2007, appellant, Gregg's Pawn Shop, Inc., d.b.a. Morris Loan, purchased two strands of pearls, one gold chain, and one garnet ring from Chris Cato for $150. Cato represented himself as the true owner of the property.

{¶ 2} On or about July 31, 2007, appellant learned that Cato was not the true owner of the property. The true owners were appellees, Robert and Nancy Gessner. The items had been stolen from their residence.

{¶ 3} On August 7, 2007, appellee Nancy Gessner went to appellant to recover her property. Appellant returned the property after appellee Nancy Gessner paid $150 to appellant, the amount that had been paid to Cato.

{¶ 4} On May 9, 2008, appellees filed a complaint for the return of their $150 plus costs, interest from August 7, 2007, and reasonable attorney fees. Appellant filed a pro se answer on June 5, 2008.

{¶ 5} On June 13, 2008, appellees filed a motion for judgment on the pleadings. By judgment entry filed June 16, 2008, the trial court granted the motion and awarded appellees $150 plus costs, plus interest at eight percent from the date of the judgment.

{¶ 6} Appellant filed an appeal, and this matter is now before this court for consideration. Assignment of error is as follows:

{¶ 7} "The trial court erred in granting judgment on the pleadings."

{¶ 8} Appellant claims the trial court erred in granting judgment on the pleadings pursuant to Civ.R. 12(C). We disagree.

{¶ 9} Civ.R. 12(C) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶ 10} In *Estate of Heath v. Grange Mut. Cas. Co.*, Delaware App. No. 02CAE05023, 2002-Ohio-5494, 2002 WL 31268387, ¶ 8–9, this court succinctly stated the standard of review as follows:

{¶ 11} "The standard of review of the grant of a Motion for Judgment on the Pleadings is the same as the standard of review for a Civ.R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources* (1995), 106 Ohio App.3d 88, 91, 665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 623 N.E.2d 185. See, also, *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 481, 597 N.E.2d 1137; *Barilatz v. Luke* (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.

{¶ 12} "A reviewing court need not defer to the trial court's decision in such cases. Id. A Motion for a Judgment on the Pleadings, pursuant to Civ.R. 12(C), presents only questions of law. *Peterson v. Teodosia [Teodosio]* (1973), 34 Ohio St.2d 161, 165–166 [63 O.O.2d 262], 297 N.E.2d 113. The determination of a motion under Civ.R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. Id."

{¶ 13} From our review of the pleadings, there are no facts in dispute. Appellant received certain items from an individual who claimed to be the true owner of the items. Thereafter, appellant learned that the items were stolen from appellees. Appellees demanded return of the items, and appellant returned them after appellees paid $150, the amount paid for the "pawn." Appellees now seek return of the $150 pursuant to R.C. 4727.12(C), which states:

{¶ 14} "If the chief or sheriff receives a report that property has been stolen and determines the identity of the true owner of the allegedly stolen property that has been purchased or pawned and is held by a licensee, and informs the licensee of the true owner's identity, the licensee may restore the allegedly stolen property to the true owner directly.

{¶ 15} "If a licensee fails to restore the allegedly stolen property, the true owner may recover the property from the licensee in an action at law."

{¶ 16} We conclude the issue presented is one of legal interpretation of the statute's wording: whether "restore" means free and clear of any charges. A tangential issue is whether appellees' payment of the $150 in exchange for the items waived their right to pursue this action.

{¶ 17} Based upon a plain and unambiguous reading of the statute, we find that the statute permits a person whose item was stolen and pawned to recover the item without charges. If the item is not recovered without charge, the person may sue the pawnshop for its return. As noted in R.C. 4727.12(D), the pawnshop's right to recover funds is limited to the pledgor alone:

{¶ 18} "If the licensee returns the allegedly stolen property to the true owner, the licensee may charge the person who pledged or sold the allegedly stolen property to the licensee, and any person who acted in consort with the pledgor or the seller to defraud the licensee, the amount the licensee paid or loaned for the allegedly stolen property, plus interest and storage charges provided for in section 4727.06 of the Revised Code."

{¶ 19} This action is one in contract wherein appellant unlawfully charged appellees for the return of their property. Appellees, independent of any provisions in R.C. 4727.12(C), have the right in contract to recover the amount unlawfully charged.

{¶ 20} Upon review, we conclude that the trial court was correct in granting judgment on the pleadings.

{¶ 21} The sole assignment of error is denied.

{¶ 22} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

Judgment affirmed.

GWIN and EDWARDS, JJ., concur.