[Cite as *Citimortgage, Inc. v. Chapman*, 2011-Ohio-1612.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

CITIMORTGAGE, INC.                          :

      Plaintiff-Appellee                    :         C.A. CASE NO.    24015

v.                                          :         T.C. NO.    10CV974

DOUGLAS W. CHAPMAN              :             (Civil appeal from
                                    Common Pleas Court)

      Defendant-Appellant                   :

                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___1st___ day of ___April___, 2011.

. . . . . . . . . .

BRADLEY L. TRIPLETT, Atty. Reg. No. 0080133, 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114
      Attorney for Plaintiff-Appellee

DOUGLAS W. CHAPMAN, 292 Briarcliff Road, Dayton, Ohio 45415
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of Douglas W. Chapman, filed April 29, 2010.  On February 4, 2010, Citimortgage, Inc. ("Citimortgage"), filed a "Complaint for Money" against Chapman, asserting that Chapman executed a

promissory note on June 21, 2007, and that he owed the sum of $29,645.00 on the note. A copy of a "Fixed Rate Home Equity Loan Note" is attached to the Complaint. On March 2, 2010, Chapman filed an Answer that provides:

{¶ 2} "In response to Case # 2010 CV 00974 may I explain.

{¶ 3} "At this time I am basically broke. I am coming into good money the latter part of 2010.

{¶ 4} "Then I will retire my Citimortgage Mortgage.

{¶ 5} "Until then I am at the mercy of the court. So please - - -

{¶ 6} "Sincerely yours,

{¶ 7} "Douglas Chapman."

{¶ 8} On March 31, 2010, Citimortgage filed a Motion for Judgment on the Pleadings, which the trial court granted on April 1, 2010.

{¶ 9} On June 15, 2010, Citimortgage filed a Motion to Dismiss Chapman's Notice of Appeal, pursuant to App.R. 18(C), arguing that Chapman failed to file a brief. On June 21, 2010, Chapman filed a response in opposition to Citimortgage's motion. On June 30, we overruled the motion to dismiss. Chapman filed his brief on July 8, 2010, and Citimortgage filed a Motion to Strike, asserting that Chapman's brief failed to comply with Loc.R. 5.1 and App.R. 16(A). We overruled the Motion to Strike.

{¶ 10} Chapman's brief provides:

{¶ 11} "PLEA:

{¶ 12} "Hard times soon to be eclipsed by my tomorrow being no later than Dec. 31, 2010 when my ship will have come in.

{¶ 13} "Said future lies in a lucrative estate settlement of six figures of which I am sole beneficiary.

{¶ 14} "At such time I will retire both my mortgages and any and all incurred taxes, interest and late fee liabilities.

{¶ 15} "Mortgage: Citimortgage

{¶ 16} "1st Mortgage No. 062624304-7

{¶ 17} "2nd mortgage No. 1119724415

{¶ 18} "1st Mortgage being case of collection at hand

{¶ 19} "Again, asking for the Court's understanding and mercy I remain

{¶ 20} "Yours in business,

{¶ 21} "Douglas W. Chapman"

{¶ 22} In response, Citimortgage asserts that the trial court properly granted judgment on the pleadings since Chapman "failed to raise any material issue of fact."

{¶ 23} Civ.R. 12(C) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In applying the Civ.R. 12(C) standard, judgment on the pleadings may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 154, Section 6.31. The determination is restricted solely to the allegations of the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in [his] favor as true. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165-166, 63 O.O.2d 262, 264, * * * ." *State ex rel. Pirman v. Money* (1994), 69 Ohio

St.3d 591, 592-93.

{¶ 24} We agree with Citimortgage that there are "no disputed issues of material fact contained in the pleadings." After construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor Chapman, and after reviewing the attached "Fixed Rate Home Equity Loan Note," the material facts are uncontroverted; Chapman in his Answer did not deny Citimortgage's allegations but rather merely indicated that he "will retire my Citimortgage mortgage" at some future date. Since Citimortgage is entitled to judgment as a matter of law, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Bradley L. Triplett
Douglas W. Chapman
Hon. Barbara P. Gorman, Presiding and Administrative Judge
(trial judge - Hon. Michael T. Hall)