[Cite as *Becker v. Becker*, 2015-Ohio-3992.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| CARL BECKER | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. | |
| | : | Hon. Patricia A. Delaney, J. | |
| -vs- | : | | |
| | : | | |
| PAUL BECKER, ET AL. | : | Case No. 15-COA-006 | |
| | : | | |
| Defendants-Appellees | : | O P I N I O N | |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 14-CIV-281

JUDGMENT:      Affirmed/Reversed in Part/Remanded

DATE OF JUDGMENT:      September 28, 2015

APPEARANCES:

For Carl Becker
VINCENT DEPASCALE
786 Northwest Boulevard
Grandview Heights, OH  43212

For Marti Irwin
ERIN N. POPLAR
103 Milan Avenue, Suite 6
Amherst, OH  44001

For Gene Miller
LOUIS M. DEMARCO
JAMES J. REAGAN
50 South Main Street, Suite 615
Akron, OH  44308

For James Fish
CRAIG COBB
55 Public Square, Suite 1580
Cleveland, OH  44113

For Paul and Patty Becker
THOMAS W. WRIGHT
MATTHEW P. BARINGER
1200 Fifth Third Center
600 Superior Avenue, East
Cleveland, OH  44114-2654

For William Baker
MATTHEW P. MULLEN
158 North Broadway Street
New Philadelphia, OH  44663

For Jackson Kochheiser
LAVELL O. PAYNE
ROBERT B. SUTHERLAND
50 South Main Street, Suite 502
Akron, OH  44308

*Farmer, J.*

{¶1}  In the spring of 2014, appellant, Carl Becker, was arrested and charged with two counts of abduction in violation of R.C. 2905.02.  Appellant's bond was set at $50,000.00, and he was able to make bond.  Shortly thereafter, appellant's bond was increased to $150,000.00, and he remained in jail.  Appellant requested a bond hearing.  On April 10, 2014, the Richland County Grand Jury indicted appellant on the two abduction charges (Case No. 2014CR218D).

{¶2}  A bond hearing before a magistrate was held on April 14, 2014.  By decision filed April 15, 2014, the magistrate reinstated the original bond of $50,000.00.  The trial court adopted the magistrate's decision and appellant posted the bond and was released from jail.

{¶3}  On November 13, 2014, appellant filed a civil lawsuit against appellees, Paul and Patty Becker, James Fish, William Baker, Marti Irwin, Gene Miller, and Jackson Kochheiser.  Appellant also included three "Doe" defendants.  In the complaint, appellant alleged appellees were residents of Ashland County and they all played a role in making sure his bond was increased by informing the Richland County Prosecutor's Office that he was a suspect "in a number of sex related crimes such as stalking women or window peeping at Ashland University" and he had "told a person from the church, that when he got out of jail on bond, he was going to kill Paul Becker, Carl Becker's wife Bernice Becker, and then himself."  Also, appellant alleged after he was released from jail, appellee Kochheiser contacted the Ashland County Sheriff's Office and the Richland County Probation Office and claimed appellant had violated the terms of his bond.  Deputies investigated and found the allegation to be untrue.  Appellant listed causes of

action for defamation, wrongful incarceration, kidnapping, civil abuse of the legal process, invasion of privacy, excessive bond and the loss of the use and enjoyment of his property, assault and battery, attorney's fees, fraud, and punitive or exemplary damages.

{¶4} On December 24, 2014, appellee Irwin filed a Civ.R. 12(C) motion to dismiss six of the causes of action, claiming they failed to state a claim for relief. On January 14, 2015, appellee Irwin filed an amended Civ.R. 12 (C) motion to dismiss all the causes of action, claiming they all failed to state a claim for relief. By judgment entry filed January 28, 2015, the trial court found appellees' statements were protected by absolute privilege and dismissed appellant's complaint.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "THE COURT ERRED IN FINDING THAT AN ABSOLUTE PRIVILEGE EXISTED ON THE FACTS OF THIS CASE."

II

{¶7} "THE COURT ERRED IN FINDING THAT ANY PRIVILEGE EXISTED ON THE FACTS OF THIS CASE."

III

{¶8} "THE COURT ERRED IN DISMISSING ALL CAUSES OF ACTION."

IV

{¶9} "THE COURT ERRED IN DISMISSING ALL CAUSES OF ACTION AGAINST ALL DEFENDANTS."

I, II, III, IV

{¶10} Appellant claims the trial court erred in finding the existence of absolute privilege and/or any privilege and erred in granting the Civ.R. 12(C) motion to dismiss all the causes of action against all appellees. We agree only as to appellee Kochheiser and to the report to the Ashland County Sheriff's Office and the Richland County Probation Office relative to the alleged bond violation.

{¶11} Civ.R. 12(C) states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In *Estate of Heath v. Grange Mutual Casualty Co.,* 5th Dist. Delaware No. 02CAE05023, 2002-Ohio-5494, ¶ 8–9, this court succinctly stated the standard of review as follows:

> The standard of review of the grant of a Motion for Judgment on the Pleadings is the same as the standard of review for a Civ.R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources* (1995), 106 Ohio App.3d 88, 91, 665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 623 N.E.2d 185. See, also, *Nelson v. Pleasant*(1991), 73

Ohio App.3d 479, 481, 597 N.E.2d 1137; *Barilatz v. Luke* (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.

A reviewing court need not defer to the trial court's decision in such cases. *Id.* A Motion for a Judgment on the Pleadings, pursuant to Civ.R. 12(C), presents only questions of law. *Peterson v. Teodosia* [*Teodosio*] (1973), 34 Ohio St.2d 161, 165-166 [63 O.O.2d 262], 297 N.E.2d 113. The determination of a motion under Civ.R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. *Id.*

{¶12} Although only appellee Irwin filed a Civ.R. 12(C) motion, the trial court analyzed the complaint and dismissed all the causes of action against all appellees.

{¶13} At the time of the dismissal, the state of the record was as follows: the complaint was filed on November 13, 2014, all appellees were in answer by January 15, 2015, and the trial court's judgment entry dismissing the complaint was filed on January 28, 2015. By that date, discovery had in fact commenced, but there was a pending motion for protective orders filed by appellant. The trial court's dismissal of all the claims against all appellees was granted seventy-six days after the filing of the complaint.

{¶14} The November 13, 2014 complaint included ten causes of action: defamation, wrongful incarceration, kidnapping, civil abuse of the legal process, invasion of privacy, excessive bond and the loss of the use and enjoyment of his

property, assault and battery, attorney's fees, fraud, and punitive or exemplary damages. Within these ten causes of action, appellant named the claims and as a caveat, added "however it may be named or designated." In setting forth the causes of action, the complaint alleged "actions, conduct, statements, allegations, agreements, conspiracies and collusion, lies, misrepresentations, plans, programs, and prevarications" by appellees. The causes of action stemmed from two incidents. The first and most relevant to all appellees was that they caused the Richland County Prosecutor's Office to request an increase of appellant's bond from $50,000.00 to $150,000.00 in his pending Richland County criminal case:

12. One or more of the Defendants on behalf of themselves and the other Defendants, and in concert with the other Defendants, contacted the Richland County Prosecutor's Office, on one or more occasions, and advised the Prosecutors:

a. That Carl Becker was the suspect, or person of interest, in a number of sex related crimes such as stalking women or window peeping at Ashland University at unknown and unspecified times.

b. That Carl Becker was the suspect, or person of interest, in other various sex crimes or sexual related crimes, at unspecified places and times.

c. That Carl Becker had told a person from the church, that when he got out of jail on bond, he was going to kill Paul Becker, Carl Becker's wife Bernice Becker, and then himself.

{¶15} The second incident involved appellee Kochheiser, alleging he made false claims to the Ashland County Sheriff's Office and the Richland County Probation Office resulting in an investigation:

17. Once Carl Becker was out of jail on bond, Jackson Kochheiser, on 18 MAY 14, contacted the Ashland County Sheriff's Office and the Richland County Probation Office and made false and malicious claims that Carl Becker had violated the terms of his bond by being seen in Mansfield and by going to the home of Alice French where Jackson Kochheiser claimed he heard *"something"* that indicated to him that the people there were in danger from Carl Becker.

18. As a result of the allegations by Jackson Kochheiser Ashland County Sheriff's Deputies, a Mansfield Police Officer, and someone from Richland County Probation appeared at the home of Alice French searching for Carl Becker and intending to protect Alice French from harm by Carl Becker.

19. At all relevant times on 18 MAY 14 Carl Becker was in his home consistent with, and abiding by, the terms of his bond, as was found to be true by the Ashland County Sheriff's Deputies who went to his home and found him sitting in a chair.

{¶16} In his January 20, 2015 reply memorandum to appellee Baker's memorandum in opposition to appellant's motion for protective orders, appellant admitted that appellee Baker was the individual who made statements to the Richland County Prosecutor's Office resulting in the increase of his bond:

> Defendant Baker, the individual involved in this Memorandum Contra, personally appeared in open Court, in a bond hearing in the Richland County Common Pleas Court, and admitted to being a part of the cabal that made the unfounded allegation that Plaintiff had threatened to kill people when he was released from jail on bond. That allegation was not only found to be false after an evidentiary hearing which resulted in a res judicata Order so finding, but such allegations had tripled Plaintiff's bond for a period of time and kept him incarcerated until claims were proved to be false at the evidentiary hearing.

{¶17} In the magistrate's April 15, 2014 decision to reinstate the $50,000.00 bond in Case No. 2014CR218D (attached to appellant's January 8, 2015 motion for protective orders as Exhibit 1), the magistrate found the following:

> 2. On April 3, 2014 after a preliminary hearing in Mansfield Municipal Court, Mr. Becker's bond was set in the sum of $50,000 cash and personal recognizance, the court's electronic monitoring program and that he have no contact with his victim.

3. Later on April 4th, the Magistrate was contacted by Richland County Assistant Prosecuting Attorney Gary Bishop who stated that William Baker had contacted his office to advise that defendant Carl Becker had threatened to kill his wife and his brother upon his release from the county jail. The Magistrate called defense counsel Vincent DePascale and left him a voice mail message. Based upon the new information the Magistrate increased Mr. Becker's bond to $150,000 cash and personal recognizance, electronic monitoring and that he have no contact with his victim.

4. Defense counsel DePascale contacted the Magistrate on April 7, 2014 and advised him to file a motion for a bond hearing about the recent allegations of threats to these family members.

5. These allegations of threats were found to be unfounded. Mr. Baker has no personal knowledge of any threats made by the defendant and the jail visits also fail to indicate any threats to anyone. The allegations are based upon hearsay from multiple church members from the Paradise Hills United Methodist Church, a church in Ashland County, Ohio. Mr. Becker is a member of that church. Bernice Becker, wife of Carl Becker, is not afraid of her husband being released from jail.

{¶18} After reviewing all of the pleadings and memoranda, the trial court found "absolute privilege" applicable to all appellees (Judgment Entry filed January 28, 2015):

The Court has reviewed all of the memoranda submitted by the parties in support of, and in opposition to, these motions. The Court has also reviewed the relevant case law. As further explained below, and accepting the allegations set forth in Plaintiff's Complaint as true, the Court finds that the statements made collectively by the Defendants are protected by an *absolute* privilege. The Court therefore finds that Plaintiff's Complaint fails to state a claim upon which, as a matter of law, relief cannot be granted and it must be dismissed. Because of this Court's finding with respect to Defendant Irwin's motions, Plaintiff's January 8, 2015 motion is rendered moot.

The case referenced by both Defendant Irwin and Plaintiff, and cited as controlling by Defendant Irwin is *M.J. DiCorpo, Inc. v. Sweeny,* 69 Ohio St.3d 497, 634 N.E.2d 203, (1994). In *DiCorpo*, the Court stated in its Syllabus: "An affidavit, statement or other information provided to a prosecuting attorney, reporting the actual or possible commission of a crime, is part of a judicial proceeding. The informant is entitled to an absolute privilege against civil liability for statements made." *DiCorpo,* as noted by Plaintiff, is not factually consistent with the present case, in that the statement provided to the prosecuting attorney was to inform him of a possible crime that had not yet been prosecuted. In the present case, statements were made to the prosecutor in the course of a pending criminal prosecution against Plaintiff.

However, when looking at how other Courts have subsequently construed and expanded *DiCorpo,* this Court finds that statements made to a prosecuting attorney, during the course of an active criminal prosecution, reporting other possible criminal activity of the defendant subject to that prosecution, are also entitled to the protection of an absolute immunity as initially recognized in *DiCorpo.\*\*\**

{¶19} It is appellant's position that the nature of the issues reported to the Richland County Prosecuting Attorney's Office did not concern any crimes actually being pursued by the office in Case No. 2014CR218D which involved two counts of abduction. Appellant argues the statements did not "bear some reasonable relation to the activity reported." *DiCorpo* at syllabus. Appellees argue the statements to the prosecutor were related to the judicial proceedings and the "activity reported" i.e., threats.

{¶20} The question we are called upon to resolve is whether statements made in relation to the amount of an appropriate bond in a criminal case constitute absolute privilege.

{¶21} As the Supreme Court of Ohio detailed in *DiCorpo* at syllabus, absolute privilege embraces the philosophy that statements or affidavits that report "the actual or possible commission of a crime" are part of a judicial proceeding and the informant is "entitled to an absolute privilege against civil liability for statements made which bear some reasonable relation to the activity reported." "As a matter of public policy, extension of an absolute privilege under such circumstances will encourage the

reporting of criminal activity by removing any threat of reprisal in the form of civil liability. This, in turn, will aid in the proper investigation of criminal activity and the prosecution of those responsible for the crime." *DiCorpo* at 505.

{¶22} As a natural result of *DiCorpo*, courts have extended absolute privilege to the reporting of a crime which was really a misidentification of the accused [*Lee v. Upper Arlington*, 10 Dist. Franklin No. 03AP-132, 2003-Ohio-7157], and to the reporting of a possible crime or possible criminal felony activity based on erroneous information [*Haller v. Borror Corp.* 50 Ohio St.3d 10 (1990), and *Fair v. Litel Communication, Inc.,* 10th Dist. Franklin No. 97APE06-804, 1998 WL 107350 (Mar. 12, 1998)].

{¶23} In *Mauk v. Brundage,* 68 Ohio St. 89, 97 (1903), the Supreme Court of Ohio explained "the statement must be pertinent and material to the matter in hand":

> [I]n order to be privileged, the statement must be pertinent and material to the matter in hand. To be pertinent and material it must tend to prove or disprove the point to be established, and have substantial importance or influence in producing the proper result. In other words, the statement must be necessary to a full presentation, and in that sense essential to the accomplishment of the object sought.

{¶24} The setting of bond, as well as a trial court's inherent right to revise bond, is part of and pertinent to the prosecution of a criminal case. Not only does bond assure the presence of an accused at trial, but it is also related to and part of the trial court's decision as to the possibility of the defendant committing other criminal acts while on

bond. We therefore conclude the statements made sub judice were part of a judicial proceeding in consideration of bond for appellant and were reasonably related to the activity reported i.e., threats.

{¶25} The trial court never discussed appellant's claim against appellee Kochheiser as it related to absolute or qualified privilege. In fact, the record is absent any argument advanced in appellee Irwin's Civ.R. 12(C) motion on the issue. Appellant never addressed the claims against appellee Kochheiser in his response to the motion to dismiss.

{¶26} Upon review, we affirm the trial court's decision on absolute privilege as to the statements made to the Richland County Prosecutor's Office and the dismissal of the causes of action thereto, and reverse the dismissal of the claims against appellee Kochheiser as they relate to his calling of the Ashland County Sheriff's Office and the Richland County Probation Office to report a possible bond violation. The Civ.R. 12(C) motion did not address this issue nor was appellant offered the opportunity to respond.

{¶27} Assignments of Error I, II, III, and IV are denied as to all appellees except for appellee Kochheiser. The claims against appellee Kochheiser are reinstated.

{¶28} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 902